

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | **Case No.:** 09-20382 |
| Plaintiff, | **Hon.** Stephen J. Murphy, III |
| -vs- | **Offense:** Transportation of Child Pornography, 18 U.S.C. §2252A(a)(1) |
| D-1    WILLIAM BORGIDA, | **Mandatory Minimum Penalty :** 5 years |
| Defendant. | **Maximum Penalty:** 20 years |
| _____/ | **Maximum Fine:** $250,000 |

## RULE 11 PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, defendant WILLIAM BORGIDA and the government agree as follows:

1. **Guilty Plea**

    A. **Count of Conviction**

    Defendant will enter a plea of guilty to **Count I** of the Indictment, which charges transportation of child pornography, in violation of 18 U.S.C. §2252A(a)(1).

    B. **Elements of Offense:**

    The elements of Count I are:

1. The defendant knowingly transported material containing digital images;

2. The material transported by the defendant contained images of child pornography, that is visual depictions of sexually explicit conduct, the production of which involved a minor engaging in a lascivious display of the genitals and/or acts of oral or genital intercourse as defined in Title 18 U.S.C. 2256(2);(8)(A); and,

3. The defendant transported the images in interstate or foreign commerce.

C. **Factual Basis for Guilty Plea**

The following facts are a sufficient and accurate basis for defendant's plea:

On or about September 29, 2008, defendant BORGIDA arrived by car at the Ambassador Bridge, in the Eastern District of Michigan, and presented himself for entry into the United States from Canada. BORGIDA possessed computers and computer media storage devices in the car that he knew contained images of real children engaging in a lascivious display of the genitals and performing oral sex acts on adult men. BORGIDA also possessed several sex toys, several pieces of lingerie, two bags of candy, children's toys, stuffed animals, crayons and a coloring book, as well as hundreds of images of child erotica. BORGIDA stipulates that when he traveled from Canada to the United States, he transported over 300 images of child pornography in foreign commerce.

2. **SENTENCING GUIDELINES**

    A. **Standard of Proof**

    The Court will find sentencing factors by a preponderance of the evidence.

    B. **Agreed Guideline Range**

    There are no sentencing guideline disputes. Except as provided below, defendant's guideline range is **57 to 71 months**, as set forth on the attached worksheets. If the Court finds:

    a) that defendant's criminal history category is higher than reflected on the attached worksheets, or

    b) that the offense level should be higher because, after pleading guilty, defendant made any false statement to or withheld information from his probation officer; otherwise demonstrated a lack of acceptance of responsibility for his offense(s); or obstructed justice or committed any crime,

    and if any such finding results in a guideline range higher than **57 to 71 months**, the higher guideline range becomes the agreed range. The Court is not bound by this recommendation concerning the guideline range, and the defendant understands that he will have no right to withdraw his guilty plea if the Court does not follow this recommendation. However, if the Court finds that defendant is a career offender, an armed career criminal, or a repeat and dangerous sex offender as defined under the sentencing guidelines or other federal law, and that finding is not already reflected in the attached worksheets, this paragraph does *not* authorize a corresponding increase in the agreed range.

Neither party may take a position concerning the applicable guidelines that is different than any position of that party as reflected in the attached worksheets, except as necessary to the Court's determination regarding subsections a) and b), above.

3. **SENTENCE**

The Court will impose a sentence pursuant to 18 U.S.C. §3553, and in doing so must consider the sentencing guideline range.

   A. **Imprisonment**

Except as provided in the next sentence, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the government makes a non-binding recommendation that the sentence of imprisonment be no more than 71 months. The Court **must** impose a sentence of imprisonment of at least **60 months**.

   B. **Supervised Release**

A term of supervised release follows the term of imprisonment. Pursuant to 18 U.S.C. §3583(k), the Court **must** impose a term of supervised release of no less than **5 years** and no more than **life**. The agreement concerning imprisonment described above in Paragraph 3A does not apply to any term of imprisonment that results from any later revocation of supervised release.

## C. Special Assessment

Defendant will pay a special assessment of **$100** and must provide the government with a receipt for the payment before sentence is imposed.

## D. Fine

There is no agreement as to fines.

## E. Restitution

The Court shall order restitution to every identifiable victim of defendant's offenses.

## F. Forfeiture

As part of this agreement, pursuant to 18 U.S.C. §2253, defendant agrees to forfeit his interest in any property, real or personal, that was used or intended to be used to commit or to promote the commission of a violation of 18 U.S.C. §2252A as alleged in the Indictment, including, but not limited to,

- Iomega hard drive serial number 3QE0436V;
- Lacie hard drive serial number 1268072219726;and
- Macbook serial number RM7140AKWGM.

Defendant expressly waives his right to have a jury determine the forfeitability of his interest in the above identified real and personal properties as provided by Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure. With respect to the above identified real property, defendant agrees to the entry of one or more orders

of forfeiture of his interests in such property upon application by the United States at, or any time before, his sentencing in this case. Defendant further agrees to hold the United States, its agents and employees harmless from any claims whatsoever in connection with the seizure or forfeiture of property covered by this Plea Agreement.

In entering into this agreement with respect to forfeiture, defendant knowingly, voluntarily, and intelligently waives any challenge to the above-described forfeiture based upon the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

Defendant further waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, pronouncement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

4. **U̲S̲E̲ ̲O̲F̲ ̲W̲I̲T̲H̲D̲R̲A̲W̲N̲ ̲G̲U̲I̲L̲T̲Y̲ ̲P̲L̲E̲A̲**

If the Court allows defendant to withdraw his guilty plea for a "fair and just reason" pursuant to Fed. R. Crim. P. 11(d)(2)(B), defendant waives his rights under Fed. R. Evid. 410, and the government may use his guilty plea, any statement made

under oath at the change-of-plea hearing, and the factual basis statement in this plea agreement, against him in any proceeding.

5. **NOTICE OF REQUIREMENT TO COMPLY WITH TERMS OF SEX OFFENDER REGISTRATION AND NOTIFICATION ACT**

The defendant acknowledges that he has been advised, and understands, that under the Sex Offender Registration and Notification Act, a federal law, defendant must register and maintain current registration in each of the following jurisdictions: where the defendant resides, where the defendant is employed, and where the defendant is a student. Defendant acknowledges that defendant must provide his/her name, residence address, and the names and addresses of any place where defendant is or will be an employee or student, among other information. Defendant further acknowledges that defendant will be required to keep the registration current, including by informing at least one jurisdiction in which defendant resides, works, or is a student not later than three business days after any change of name, residence, employment or student status. Defendant has been advised and understands that failure to comply with these obligations subjects defendant to prosecution for failure to register under federal law, 18 U.S.C. §2250, which is punishable by a fine or imprisonment, or both.

6. **OTHER CHARGES**

If the Court accepts this agreement, the government will move to dismiss

Count Two of the Indictment, which charges possession of child pornography.

7. **EACH PARTY'S RIGHT TO WITHDRAW FROM THIS AGREEMENT**

The recommendations in Part 3 are not binding on the Court. Defendant has no right to withdraw his guilty plea and the parties have no right to withdraw from this agreement if the Court decides not to follow them.

8. **RIGHT TO APPEAL**

If the sentence imposed does not exceed the maximum allowed by Part 3 of this agreement, defendant waives any right he has to appeal his conviction or sentence. If the sentence imposed is within the guideline range determined by Paragraph 2B the government agrees not to appeal the sentence, but retains its right to appeal any sentence below that range.

9. **CONSEQUENCES OF WITHDRAWAL OF GUILTY PLEA OR VACATION OF CONVICTION**

If defendant is allowed to withdraw his guilty plea or if any conviction entered pursuant to this agreement is vacated, the Court shall, on the government's request, reinstate any charges that were dismissed as part of this agreement. If additional charges are filed against defendant within six months after the date the order vacating defendant's conviction or allowing him to withdraw his guilty plea becomes final, which charges relate directly or indirectly to the conduct underlying the guilty plea or to any conduct reflected in the attached worksheets, defendant waives his right to challenge the additional charges on the ground that they were not filed in a

timely manner, including any claim that they were filed after the limitations period expired.

10. **PARTIES TO PLEA AGREEMENT**

Unless otherwise indicated, this agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

11. **SCOPE OF PLEA AGREEMENT**

This agreement, which includes all documents that it explicitly incorporates, is the complete agreement between the parties. It supersedes all other promises, representations, understandings, and agreements between the parties concerning the subject matter of this plea agreement that are made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to defendant or to the attorney for defendant at any time before defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this agreement.

This agreement does not prevent any civil or administrative actions against defendant, or any forfeiture claim against any property, by the United States or any other party.

12. **ACCEPTANCE OF AGREEMENT BY DEFENDANT**

This plea offer expires unless it has been received, fully signed, in the Office

of the United States Attorney by **5:00 P.M. on October 13, 2009.** The government reserves the right to modify or revoke this offer at any time before defendant pleads guilty.

TERRENCE BERG
United States Attorney

_(signed)_
JENNIFER GORLAND
ASSISTANT UNITED STATES ATTORNEY
CHIEF, GENERAL CRIMES UNIT

_(signed)_
ERIN S. SHAW
ASSISTANT UNITED STATES ATTORNEY

DATE: OCTOBER 9, 2009

BY SIGNING BELOW, DEFENDANT ACKNOWLEDGES THAT HE HAS READ (OR BEEN READ) THIS ENTIRE DOCUMENT, UNDERSTANDS IT, AND AGREES TO ITS TERMS. HE ALSO ACKNOWLEDGES THAT HE IS SATISFIED WITH HIS ATTORNEY'S ADVICE AND REPRESENTATION. DEFENDANT AGREES THAT HE HAS HAD A FULL AND COMPLETE OPPORTUNITY TO CONFER WITH HIS LAWYER, AND HAS HAD ALL OF HIS QUESTIONS ANSWERED BY HIS LAWYER.

_(signed)_
N.C. DEDAY LARENE
ATTORNEY FOR DEFENDANT

_(signed)_
WILLIAM BORGIDA
DEFENDANT

DATE: 10-29-09

# WORKSHEET A (Offense Levels)

Defendant: William Borgida  Count(s): I

Docket No: 09-20382  Statute(s): 18 USC 2252A(a)(1)

Complete one Worksheet A for each count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction) before applying the multiple-count rules in U.S.S.G. ch. 3, pt. D. However, in any case involving multiple counts of con-viction, if the counts of conviction are all "closely related" to each other within the meaning of U.S.S.G. § 3D1.2(d), complete only a single Worksheet A.

1. **BASE OFFENSE LEVEL AND SPECIFIC OFFENSE CHARACTERISTICS (U.S.S.G. ch. 2)**

| Guideline Section | Description | Levels |
|---|---|---|
| 2G2.2(a)(2) | Base Offense | 22 |
| 2G2.2(b)(6) | Use of computer | +2 |
| 2G2.2(b)(7)(C) | 300-600 images | +4 |
| | | |

2. **ADJUSTMENTS (U.S.S.G. ch. 3, pts. A, B, C)**

| Guideline Section | Description | Levels |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

3. **ADJUSTED OFFENSE LEVEL**

Enter the sum of the offense levels entered in Items 1 and 2. If this Worksheet A does not cover every count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction), complete one or more additional Worksheets A and a single Worksheet B.

**28**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

[X] If this is the only Worksheet A, check this box and skip Worksheet B.

[X] If the defendant has no criminal history, check this box and skip Worksheet C.

(rev. 06/99)

# WORKSHEET D  (Guideline Range)

1. **(COMBINED) ADJUSTED OFFENSE LEVEL**  | 28 |

   Enter the adjusted offense level entered in Item 3 of Worksheet A or the combined adjusted offense level entered in Item 8 of Worksheet B.

2. **ADJUSTMENT FOR ACCEPTANCE OF RESPONSIBILITY (U.S.S.G § 3E1.1)** | -3 |

3. **TOTAL OFFENSE LEVEL** | 25 |

   Enter the difference between Items 1 and 2.

4. **CRIMINAL HISTORY CATEGORY** | I |

   Enter "I" if the defendant has no criminal history. Otherwise, enter the criminal history category entered in Item 6 of Worksheet C.

5. **CAREER OFFENDER / CRIMINAL LIVELIHOOD / ARMED CAREER CRIMINAL (U.S.S.G. ch. 4, pt. B)**

   a. Total Offense Level: If the career offender provision (U.S.S.G. § 4B1.1), the criminal livelihood provision (U.S.S.G. § 4B1.3), or the armed career criminal provision (U.S.S.G. § 4B1.4) results in a total offense level higher than the total offense level entered in Item 3, enter the higher offense level total.

   b. Criminal History Category: If the career offender provision (U.S.S.G. § 4B1.1) or the armed career criminal provision (U.S.S.G. § 4B1.4) results in a criminal history category higher than the criminal history category entered in Item 4, enter the higher criminal history category.

6. **GUIDELINE RANGE FROM SENTENCING TABLE (U.S.S.G. ch. 5, pt. A)** | 57 to 71 months |

   Enter the guideline range in the Sentencing Table (see U.S.S.G. ch. 5, pt. A) produced by the total offense level entered in Item 3 or 5.a and the criminal history category entered in Item 4 or 5.b.

7. **STATUTORY RESTRICTIONS ON OR SUPERSESSION OF GUIDELINE RANGE** | 60 months |

   If the maximum sentence authorized by statute is below, or a minimum sentence required by statute is above, the guideline range entered in Item 6, enter either the guideline range as restricted by statute or the sentence required by statute. (See U.S.S.G. § 5G1.1.) If the sentence on any count of conviction is required by statute to be consecutive to the sentence on any other count of conviction, explain why.

   5 year mandatory minimum for transportation.

(rev. 06/99)

# WORKSHEET E (Authorized Guideline Sentences)

1. **PROBATION (U.S.S.G. ch. 5, pt. B)**

    a. <u>Imposition of a Term of Probation</u> (U.S.S.G. § 5B1.1)

    [x] 1. Probation is not authorized by the guidelines (minimum of guideline range > 6 months or statute of conviction is a Class A or a Class B felony). If this box is checked, go to Item 2 (Split Sentence).

    [ ] 2. Probation is authorized by the guidelines (minimum of guideline range = zero months).

    [ ] 3. Probation is authorized by the guidelines, provided the court imposes a condition or combination of conditions requiring intermittent confinement, community confinement, or home detention satisfying the minimum of the guideline range (minimum of guideline range > 0 months but ≤ 6 months).

    b. <u>Length of Term of Probation</u> (U.S.S.G. § 5B1.2)

    [ ] 1. At least 1 year but not more than 5 years (total offense level ≥ 6).

    [ ] 2. No more than 3 years (total offense level < 6).

    c. <u>Conditions of Probation</u> (U.S.S.G. § 5B1.3)

    The court must impose certain conditions of probation and may impose other conditions of probation.

2. **SPLIT SENTENCE (U.S.S.G. § 5C1.1(c)(2), (d)(2))**

    [x] a. A split sentence is not authorized (minimum of guideline range = 0 months or > 10 months).

    [ ] b. A split sentence is authorized (minimum of guideline range > 0 months but ≤ 10 months). The court may impose a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention for imprisonment, provided that at least one-half of the minimum of the guideline range is satisfied by imprisonment (if the minimum of the guideline range is 8, 9, or 10 months), or that at least one month is satisfied by imprisonment (if the minimum of the guideline range is 1, 2, 3, 4, or 6 months). The authorized length of the term of supervised release is set forth below in Item 4.b

3. **IMPRISONMENT (U.S.S.G. ch. 5, pt. C)**

    A term of imprisonment is authorized by the guidelines if it is within the applicable guideline range (entered in Item 6 of Worksheet D). (*See* U.S.S.G. § 5C1.1.)

(rev. 06/99)

## SUPERVISED RELEASE (U.S.S.G. ch 5., pt. D)

    a. <u>Imposition of a Term of Supervised Release</u> (U.S.S.G. § 5D1.1)

The court must impose a term of supervised release if it imposes a term of imprisonment of more than one year, or if it is required to do so by statute. The court may impose a term of supervised release if it imposes a term of imprisonment of one year or less.

    b. <u>Length of Term of Supervised Release</u> (U.S.S.G. § 5D1.2)

- [ ] 1. At least 3 years but not more than 5 years, where the count of conviction is a Class A or a Class B felony, i.e., an offense carrying a maximum term of imprisonment ≥ 25 years.

- [ ] 2. At least 2 years but not more than 3 years, where the count of conviction is a Class C or a Class D felony, i.e., an offense carrying a maximum term of imprisonment ≥ 5 years but < 25 years.

- [ ] 3. 1 year, where the count of conviction is a Class E felony or a Class A misdemeanor, i.e., an offense carrying a maximum term of imprisonment > 6 months but < 5 years.

- [x] 4. The statute of conviction requires a minimum term of supervised release of at least 60 months.

    c. <u>Conditions of Supervised Release</u> (U.S.S.G. § 5D1.3)

The court must impose certain conditions of supervised release and may impose other conditions of supervised release.

## 5. RESTITUTION (U.S.S.G. § 5E1.1)

- [x] 1. The court will determine whether restitution should be ordered and in what amount.

- [ ] 2. Full restitution to the victim(s) of the offense(s) of conviction is *required* by statute. (*See, e.g.*, 18 U.S.C. §§ 3663A, 2327.) The parties agree that full restitution is $_____.

- [ ] 3. The parties agree that the court may order restitution to the victim(s) of the offense(s) of conviction in any amount up to and including $_____. (*See* 18 U.S.C. §§ 3663(a)(3).)

- [ ] 4. The parties agree that the court may *also* order restitution to persons other than the victim(s) of the offense(s) of conviction. (*See* 18 U.S.C. §§ 3663(a)(1)(A), 3663A(a)(3).)

- [ ] 5. Restitution is not applicable.

6. **FINE (U.S.S.G. § 5E1.2)**

   a. <u>Fines for Individual Defendants</u>

   The court must impose a fine unless "the defendant establishes that he [or she] is unable to pay and is not likely to become able to pay any fine." (*See* U.S.S.G. § 5E1.2(a).) Generally, the fine authorized by the guidelines is limited to the range established in the Fine Table. (*See* U.S.S.G. § 5E1.2(b).) However, there are exceptions to this general rule. (*See* U.S.S.G. § 5E1.2(b), (c)(4).)

   b. <u>Fine Range from Fine Table</u>  (U.S.S.G. § 5E1.2(c)(3))

   | Minimum Fine | Maximum Fine |
   |---|---|
   | $12,500 | $125,000 |

7. **SPECIAL ASSESSMENT(S) (U.S.S.G. § 5E1.3)**

   The court must impose a special assessment on every count of conviction. The special assessments for individual defendants are

   $100.00 for every count charging a felony ($50.00 if the offense was completed before April 24, 1996)
   $ 25.00 for every count charging a Class A misdemeanor,
   $ 10.00 for every count charging a Class B misdemeanor, and
   $  5.00 for every count charging a Class C misdemeanor or an infraction.

   The defendant must pay a special assessment or special assessments in the total amount of $ __$100.00__ .

8. **ADDITIONAL APPLICABLE GUIDELINES, POLICY STATEMENTS, AND STATUTES**

   List any additional applicable guideline, policy statement, or statute.

   _____

9. **UPWARD OR DOWNWARD DEPARTURE (U.S.S.G. ch. 5, pts. H & K)**

   List any applicable aggravating or mitigating circumstance that might support a term of imprisonment above or below the applicable guideline range. _____

   _____