UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

-vs-

D-1 WILLIAM BORGIDA,

    Defendant.

_____/

**HON. STEPHEN J. MURPHY, III**

**No. 09-20382**

## MOTION AND BRIEF IN SUPPORT OF GOVERNMENT'S REQUEST FOR REMAND AT SENTENCING

  The United States of America, by and through its attorneys, Barbara L. McQuade, United States Attorney, and Erin S. Shaw, Assistant United States Attorney, hereby moves for the remand of defendant WILLIAM BORGIDA at sentencing.  In support of its motion, the government states:

1. On August 12, 2009 defendant was indicted on charges of transportation and possession of child pornography in violation of 18 U.S.C. §2252A(a)(1) & (5). Defendant was released on bond, subject to the Adam Walsh conditions, at his arraignment on August 21, 2009.  Defendant reported that he spent the summer months in New York and the winter months in Texas.  The United States agreed to accommodate his request to report to pretrial services in

either of Ithaca, New York or Austin, Texas. Those offices assumed responsibility of his supervision as a courtesy to the Detroit pretrial services office.

2. Just days later, and before his electronic monitoring equipment had even been installed in New York, defendant requested to travel around the continental United States and internationally in connection with his dancing, essentially vitiating pretrial services' ability to monitor him electronically. A bond review hearing was held before Judge Tarnow on August 27, 2009, at which time defendant's request for the return of his passport was denied, international travel was prohibited and daily reporting to pretrial services was required on days when he attended dance workshops outside of New York.

3. This case was reassigned to Judge Murphy on September 4, 2009. The parties negotiated a Rule 11 Agreement and defendant pleaded guilty before this Court on October 29, 2009. The United States did not object to continuation of his bond.

4. Counsel for the United States was informed by Lester Thomas, the pretrial services officer supervising defendant's case, that defendant requested permission from to drive from New York to Austin, with many 2-3 day stops along the way to visit various friends and without benefit of the required electronic monitoring. Defense counsel informed that the move was

        necessary so that defendant could settle his affairs before beginning his sentence and so that defendant could have knee surgery. The United States agreed to allow defendant to fly to Austin from New York, such that his electronic monitoring would be continued with minimum interruption.

5. In mid-December, counsel for the United States was informed by Lester Thomas, the pretrial services officer supervising defendant's case, that the officers in Austin located pornography on defendant's computer with their computer monitoring software. Counsel for the United States contacted defense counsel and defendant's bond was amended under order of this Court, by stipulation of the parties, to prevent him for using any computers or the internet.

6. According to the presentence report, defendant underwent arthroscopic repair for his knee on December 9, 2009.

7. Defendant has presented many challenges while on bond. He has had ample time to get his affairs in order and there is no reason to delay commencement of his custodial sentence, particularly where he faces a mandatory minimum term of at least 60 months.

8. Defendant does not concur in the motion.

WHEREFORE, the government respectfully requests that this Court remand

necessary so that defendant could settle his affairs before beginning his sentence and so that defendant could have knee surgery. The United States agreed to allow defendant to fly to Austin from New York, such that his electronic monitoring would be continued with minimum interruption.

5. In mid-December, counsel for the United States was informed by Lester Thomas, the pretrial services officer supervising defendant's case, that the officers in Austin located pornography on defendant's computer with their computer monitoring software. Counsel for the United States contacted defense counsel and defendant's bond was amended under order of this Court, by stipulation of the parties, to prevent him for using any computers or the internet.

6. According to the presentence report, defendant underwent arthroscopic repair for his knee on December 9, 2009.

7. Defendant has presented many challenges while on bond. He has had ample time to get his affairs in order and there is no reason to delay commencement of his custodial sentence, particularly where he faces a mandatory minimum term of at least 60 months.

8. Defendant does not concur in the motion.

WHEREFORE, the government respectfully requests that this Court remand

defendant at sentencing.

                                              Respectfully submitted,

                                              BARBARA L. MCQUADE
                                              United States Attorney

                                              s/Erin S. Shaw
                                              ERIN S. SHAW
                                              Assistant United States Attorney
                                              211 West Fort Street, Suite 2001
                                              Detroit, MI  48226
                                              Telephone:  (313) 226-9182
                                              Facsimile:  (313) 226-2621
                                              E-mail:       erin.shaw@usdoj.gov

Dated: January 11, 2010