UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                     Case No. 09-cr-20382
                                       Hon. Steven J. Murphy, III

WILLIAM BORGIDA,

        Defendant.
_____/

## RESPONSE TO GOVERNMENT'S REQUEST
## FOR REMAND AT SENTENCING

The undersigned had previously discussed with government counsel their request that once he is sentenced, defendant be permitted to report to report voluntarily to the institution designated by the Bureau of Prisons for service of that sentence. Such a courtesy - which is customary in this District - avoids the rigors of what can be an extended period (as much as three months, in counsel's experience) of what is typically harsh, jail-like confinement and transportation in shackles and chains from one county jail after another, back and forth to the Federal Transfer Center in Oklahoma City, until finally reaching the prisoner's destination. It also avoids the costs and expenses of such lodging and transportation incurred by the United States Marshal's Service.

In addition, the fact that a defendant has been allowed to self-report is a positive factor in the Bureau of Prisons' Inmate Security Designation and Custody Classification System, which it uses to select an appropriate institutional placement. *See,* United States Bureau of Prisons Program Statement P5100.08, Inmate Security Designation and Custody Classification, p. 30,

http://www.bop.gov/policy/progstat/5100_008.pdf, as viewed January 12, 2010. The government has now filed a pleading announcing that it will oppose that request.

Obviously, defendant's continued liberty once he is sentenced is a matter of grace, not right, and the writers would not suggest for a moment that the Court is in any way bound to honor a request for self-surrender. Still, the defendant has been at all times compliant with the Court's commands, has pled guilty to the most serious charge lodged against him, has agreed to forfeiture of the electronic equipment involved in the violation, and, most recently, has rearranged the travel plans of himself and his family to accommodate a last minute change in the sentencing date. The government does not suggest that he poses a danger to the community, or a risk of flight, but rather that "there is no reason to delay commencement of his custodial sentence." Request for Remand at Sentencing, ¶ 7.

The undersigned take issue with this statement. Indeed, there is *every* reason to allow Mr. Borgida to self-surrender, given the nature of his interactions with the court, and the hardships which immediate incarceration would cause. In addition, Mr. Borgida's slight stature and nonaggressive mien would make him particularly susceptible to abuse in a jail-type environment.

It is to be noted that the government's pleading does *not* allege that Mr. Borgida has been in any way in violation of his bond conditions - even his apparent possession of what was apparently legal, adult-themed, "pornography"[1] on his computer was in no way a contravention of those

---

[1] Counsel use the word "apparently" because they have not viewed the actual images. However, given the fact that the computer was returned to Mr. Borgida by the Austin pretrial services agency, it seems a safe assumption that the material was not deemed illegal. In addition, of course, it seems at least as safe to assume that *had* it been illegal, government counsel would have been quick to alert the Court and counsel to the fact.

conditions.[2] Rather, government counsel merely complains that Mr. Borgida has been a bother (*i.e.,* that he "has presented many challenges while on bond").  Whatever the merits of that evaluation - and indeed, others might at times disagree about exactly *who* has presented the greatest "challenges" in this process -  it seems an insufficiently weighty basis upon which to visit the indignities and privations which immediate incarceration would carry upon a man who has at all times complied with the conditions of his release, has been assiduous (if perhaps annoyingly so, in the view of government counsel) in requesting permission to function within those conditions, and who has been cooperative in every way in his interactions with the processes of the Court and the system as a whole. The Court should therefore allow the defendant to self-surrender.

Respectfully Submitted,

| | |
|---|---|
| s/ N. C. Deday LaRene | s/James W. Burdick |
| N.C. DEDAY LARENE (P16420) | JAMES W. BURDICK (P11397) |
| LARENE & KRIGER, P.L.C. | JAMES W. BURDICK, P.C. |
| 645 Griswold Street, Suite 1717 | 1760 S. Telegraph Road, Ste. 300 |
| Detroit, Michigan  48226 | Bloomfield Hills, MI  48302 |
| (313) 967-0100 | (248) 335-5000 |
| E-mail: d6644@deday.net | E-mail: jwb@jwburdicklaw.com |

DATED:  January 12, 2010

---

[2] It is true, as alleged in Paragraph five of the government's pleading, that when notified of the presence of the images, defense counsel and Mr. Borgida himself agreed to a modification of bond conditions forbidding computer and Internet access - with a view towards Falstaff's famous pronouncement that  "[t]he better part of valor is discretion."  W. Shakespeare, Henry The Fourth, Part 1 Act 5, scene 4, 115–121.  It may also be noted that there is no allegation that Mr. Borgida has not been true to this added condition as well.

CERTIFICATE OF SERVICE

       I hereby certify that on January 12, 2010, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to the following:

       Erin S. Shaw
       U.S. Attorney's Office
       211 W. Fort Street
       Suite 2001
       Detroit, MI 48226
       313-226-9100
       Erin.Shaw@usdoj.gov

       I also certify that I will provide a courtesy copy to the Chambers of the Hon. Stephen J. Murphy, III on January 12, 2010.

       s/N. C. Deday LaRene
       LaRene & Kriger, P.L.C.
       1717 Penobscot Building
       Detroit, Michigan 48226
       (313) 967-0100
       E-mail: d6644@deday.net
       Michigan Bar No. P16420